# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA

**BARBARA MAY BLACKWELL,**

      **Plaintiff,**

**v.**                                           **Civil Action No. 1:08cv181**
                                                     **(Judge Keeley)**

**DEPARTMENT OF JUSTICE FEDERAL**
**BUREAU OF PRISONS CENTRAL OFFICE;**
**JOE DRIVER;**
**M. FOY,**

      **Defendants.**

## REPORT AND RECOMMENDATION

On September 30, 2008, the *pro se* plaintiff, who is a federal inmate incarcerated at SFF Hazelton, initiated this case by filing a civil rights complaint against the above-named defendants together with a Motion for Leave to Proceed *in forma pauperis*. On that same date, the Clerk's office sent the plaintiff a Deficiency Notice advising her that must complete and submit a Consent to Collection of Fees and a Prisoner Trust Account Report. On October 10, 2008, the plaintiff submitted the required forms, and on October 21, 2008, the plaintiff was granted leave to proceed without prepayment of fees. This case is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 83.02 and 28 U.S.C. §§ 1915A and 1915(e).

### I. The Complaint

In the complaint, plaintiff alleges that on September 18, 2008, Correction Officer Ms. Foy

("Foy") entered her cell and confiscated two notebooks. As explanation for her actions, Foy stated she "was just doing what she was told." (Doc. 1, p.2). Foy then called the plaintiff into the Lieutenant's office and told her to sign a form entitled "Confiscation and Disposition of Contraband." The plaintiff indicates that she initially refused to sign the form but learned that if she did not sign the form, she would be placed in solitary confinement for disobeying an order. The plaintiff alleges that Foy's actions have caused "prejudice and trespasses against the plaintiff's personal property." Furthermore, the plaintiff alleges that Bureau of Prison policy does not prohibit an inmate from having books, reading material, personal writings, or journals. Therefore, Foy did not act in compliance with BOP policy, the law, or the constitution. The plaintiff contends that her right to speech and expression under the First Amendment has been violated as well as her right to due process. As relief, the plaintiff seeks the return of her property without changes, deletions, or alterations. In addition, she requests reassignment of Foy and Warden Driver.

## II. Analysis

### A. Exhaustion of Administrative Remedies

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). Exhaustion as provided in § 1997(e)(a) is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). A Bivens action, like an action under 42 U.S.C. § 1983, is subject to the exhaustion of administrative remedies. Porter v. Nussle, 534 U.S. 516, 524 (2002). The exhaustion of administrative remedies "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes,"[1] and is required even when

---

[1] Id.

the relief sought is not available. Booth at 741. Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court. See Porter, 534 U.S. at 524 (citing Booth, 532 U.S. at 741) (emphasis added).

In addition, although generally, the exhaustion of administrative remedies should be raised by the defendant as an affirmative defense, the court is not foreclosed from dismissing a case *sua sponte* on exhaustion grounds. See Anderson v. XYZ Prison Health Services, 407 F.3d 674, 681 (4th Cir. 2005). If the failure to exhaust is apparent from the face of the complaint, the court has the authority under to 28 U.S.C. § 1915 to dismiss the case *sua sponte*. Id. at 682.

The Bureau of Prisons provides a four-step administrative process beginning with attempted informal resolution with prison staff (BP-8). If the prisoner achieves no satisfaction informally, she must file a written complaint to the warden (BP-9), within 20 calendar days of the date of the occurrence on which the complaint is based. If an inmate is not satisfied with the warden's response, she may appeal to the regional director of the BOP (BP-10) within 20 days of the warden's response. Finally, if the prisoner has received no satisfaction, she may appeal to the Office of General Counsel (BP-11) within 30 days of the date the Regional Director signed the response. An inmate is not deemed to have exhausted her administrative remedies until she has filed her complaint at all levels. 28 C.F.R.§ 542.10-542.15; Gibbs v. Bureau of Prison Office, FCI, 986 F.Supp. 941, 943 (D.Md. 1997).

Here, it is patently clear that the plaintiff could not have exhausted her administrative remedies prior to filing her complaint with this court. The incident giving rise to the complaint, the confiscation of her notebooks, occurred on September 18, 2008. The plaintiff appears to have filed a BP-8 on September 20, 2008, directed to Foy. On September 21, 2008, the plaintiff appears to

have filed a BP-9 with Warden Driver. She signed her complaint on September 22, 2008, her IFP affidavit on September 25, 2008, and mailed both in time for them to reach the Court by September 30, 2008. Clearly, even if the warden had responded the same day as the remedy was filed[2], and the plaintiff was not satisfied with his response, she could not have filed her BP-10, let alone her BP-11 before filing her complaint with this court a mere twelve days after the alleged incident occurred. Accordingly, it is clear from the face of the complaint that the plaintiff could not have exhausted her administrative remedies, and *sua sponte* dismissal is warranted.

## IV. RECOMMENDATION

In consideration of the foregoing, it is recommended that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust her administrative remedies.

Any party may file within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, at her last known address as reflected on the docket sheet.

---

[2]The warden has twenty calendar days in which to respond to a properly filed BP-9.

DATED: November 18, 2008

                                                               /s/ James E. Seibert
                                                              JAMES E. SEIBERT
                                                              UNITED STATES MAGISTRATE JUDGE