IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**BARBARA MAY BLACKWELL,**

    **Plaintiff,**

**v.**  //  CIVIL ACTION NO. 1:08CV181
                              (Judge Keeley)

**DEPARTMENT OF JUSTICE FEDERAL,
BUREAU OF PRISONS CENTRAL OFFICE,
JOE DRIVER and M. FOY,**

    **Defendants.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On September 30, 2008, the pro se plaintiff, Barbara May Blackwell ("Blackwell"), filed her complaint, pursuant to 42 U.S.C. §1983, 42 U.S.C. §1985, 42 U.S.C. 1986, 18 U.S.C. 241-247 and 42 U.S.C. 1343, alleging that the defendants violated her civil rights by entering her cell and confiscating two notebooks. The Court referred the complaint to United States Magistrate Judge James E. Seibert for initial screening and a report and recommendation in accordance with Local Rule of Prisoner Litigation 83.02.

On November 18, 2008, Magistrate Judge Seibert issued a Report and Recommendation recommending that Blackwell's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust her administrative remedies. The magistrate judge concluded that because Blackwell filed this action twelve days after the alleged

incident, she did not have time to have exhausted her administrative remedies.[1]

The Report and Recommendation informed Blackwell that failure to object to the recommendation and report would result in the waiver of her appellate rights on this issue. No objections were filed.[2]

The Court **ADOPTS** the Report and Recommendation in its entirety and **DISMISSES** this case **WITH PREJUDICE** and **ORDERS** this case **STRICKEN** from the Court's docket.

The Court directs the Clerk of Court to mail a copy of this Order to the pro se plaintiff, certified mail, return receipt requested, and to transmit copies of this Order to counsel of record.

Dated: January 21, 2009

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

[1] As the Magistrate Judge noted, the warden has twenty calendar days in which to respond to a properly filed BP-9.

[2] Blackwell's failure to object to the Report and Recommendation waives her appellate rights in this matter and relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).