IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


**BARBARA MAY BLACKWELL**

            **Plaintiff,**

**v.**                                    **Civil Action No. 1:08cv181**
                                                **(Judge Keeley)**

**DEPARTMENT OF JUSTICE FEDERAL,**
**BUREAU OF PRISONS CENTRAL OFFICE,**
**JOE DRIVER and M. FOY,**

            **Defendants.**


            **ORDER ADOPTING REPORT AND RECOMMENDATION**


     On September 30, 2008, the pro se plaintiff and federal inmate at the Secure Female Facility located at USP Hazleton ("SFF Hazelton"), Barbara May Blackwell ("Blackwell") filed a civil action against the defendants, alleging that on September 18, 2009, correction officer M. Foy entered her cell and confiscated two notebooks belonging to her which contained her writings. On November 4, 2008, Blackwell filed a supplemental pleading, claiming that she was wrongfully subjected to solitary confinement by the defendant, Warden Joe Driver, in retaliation for filing this suit.

     The Court referred this case to Magistrate Judge James E. Seibert for initial review and a report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.02 and 28 U.S.C. §§ 1915A and 1915(e). On November 18, 2008, Magistrate Judge Seibert issued a Report and Recommendation ("R&R") recommending

**ORDER ADOPTING REPORT AND RECOMMENDATION**

that this case should be dismissed without prejudice.  On January 21, 2009, after receiving no objections from Blackwell, the Court adopted the R&R in its entirety and dismissed the case without prejudice.[1]

Subsequently, Blackwell sent the Court a letter stating that she had mailed her objections to the R&R on October 23, 2008, and had not received them back in the mail.  She also included a copy of those objections (dkt. no. 20).  For good cause shown, the Court **VACATES** its prior order dated January 21, 2009 (dkt. no. 17) adopting the R&R and proceeds to review de novo Blackwell's objections.[2]

## II.  Blackwell's Complaint

Blackwell alleges in her complaint that on September 18, 2008 at approximately 7:00 a.m., Officer M. Foy entered her cell and confiscated two of her notebooks which contained her writings and thoughts for an unfinished book and a possible movie.  See dkt. no.

---

[1] On February 3, 2009, the Court amended the original order adopting the R&R merely for the purpose of correcting a clerical error.

[2] The Court reviews de novo any parts of the R&R to which a specific objection is made, 28 U.S.C. § 636 (b) (1), and may adopt, without explanation, any of the magistrate judge's recommendations to which the petitioner does not object.  Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

20-2. Blackwell further alleges that Officer Foy told her "I'm just doing what I was told to do. You have officers [sic] names in your book is what I was told."

Blackwell alleges that she then was forced to sign a "Confiscation and Disposition of Contraband" paper. Although she did not believe that her notebooks were contraband, she felt forced into signing the paper because she learned that, if she refused Officer Foy's direction, she would be moved to solitary confinement. Subsequently, Blackwell sent Officer Foy and Warden Driver written requests for the immediate return of her property.

Blackwell argues that the actions of Officer Foy and Warden Driver violated Bureau of Prison ("BOP") policies, the law, and the Constitution, specifically her right to free speech and expression under the First Amendment and her right to due process. She seeks the return of her property, an order enjoining prejudicial and intimidating behavior by the BOP staff, reassignment of the defendants, and monetary damages in the amount of four million dollars ($4,000,000.00).

### III. Magistrate Judge's R & R

Magistrate Judge Seibert recommends in the R&R that the Court dismiss this case because Blackwell has not exhausted her administrative remedies. In his analysis, Magistrate Judge Seibert

**BLACKWELL V. DEPARTMENT OF JUSTICE ET AL.**     **1:08CV181**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

concludes that Blackwell could not have exhausted her administrative remedies before filing her complaint, because the four-step administrative process takes far longer to complete than the mere twelve (12) days that elapsed between the alleged incident on September 18, 2008 and receipt of the Complaint by the Court on September 30, 2008.

### III. Blackwell's Objections

Blackwell argues in her objections that the BOP's administrative remedies do not afford monetary relief and, therefore, the Court should not require exhaustion of those remedies when a suit seeks purely monetary relief. Accordingly, she requests that the Court "delete" all of her suit except for the requested monetary relief and either allow her to proceed on just her monetary claims or stay this case for 180 days while she exhausts her administrative remedies. In support of her argument, Blackwell relies on the holding in McCarthy v. Madigan, 503 U.S. 140, 156 (1992), that federal inmates filing constitutional claims for monetary damages are not required to exhaust their administrative remedies when such proceedings cannot provide monetary relief.

### IV.  Analysis

Monetary relief, Blackwell argues, is not available through the BOP's administrative remedy process and, thus, pursuant to McCarthy v. Madigan, 503 U.S. 140 (1992), she is not required to exhaust her inadequate administrative remedies.

Congress, however, amended the exhaustion requirement in 1992 as part of the Prison Litigation Reform Act and made it mandatory under 42 U.S.C. §1997e(a) that prisoners exhaust all available administrative remedies before filing any suit.  Pursuant to 42 U.S.C. §1997e(a), "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  Moreover, "[e]ven when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." Porter v. Nussle, 534 U.S. 516, 525 (2002).

Contrary to Blackwell's argument, the Supreme Court of the United States explicitly recognized the abrogation of the McCarthy holding in Booth v. Churner, 532 U.S. 731, 741 (2001).  "Before § 1997 e(a) was amended by the 1995 Act, a court had discretion (though no obligation) to require a state inmate to exhaust 'such

5

remedies as are available,' but only if they were 'plain, speedy, and effective.' That scheme is now a thing of the past, for the amendments eliminated both the discretion to dispense with administrative exhaustion and the condition that the remedy be 'plain, speedy, and effective' before exhaustion could be required." Id. at 732.

As Magistrate Judge Seibert concluded, pursuant to 42 U.S.C. §1997e(a), Blackwell must exhaust her administrative remedies before prosecuting this suit. In her objections, Blackwell admits that she has not exhausted her administrative remedies, but requests that the Court stay this case for up to 180 days in order for her to pursue those remedies. Pursuant to 42 U.S.C. §1997e(a), however, only after first exhausting her administrative remedies may Blackwell bring her suit. Accordingly, as the Magistrate Judge correctly found, Blackwell's suit must be dismissed for failure to exhaust administrative remedies.

## IV. Conclusion

For the reasons stated above, the Court **ADOPTS** the report and recommendation (dkt. no. 12) in its entirety, **OVERRULES** Blackwell's objections (dkt. no. 20), **DISMISSES** this case **WITHOUT PREJUDICE**, and directs the Clerk to strike it from the Court's docket.

**BLACKWELL V. DEPARTMENT OF JUSTICE ET AL.**                          1:08CV181

ORDER ADOPTING REPORT AND RECOMMENDATION
---

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record and to the pro se petitioner, by certified mail, return receipt requested.

DATED: June 4, 2009.


                                /s/ Irene M. Keeley
                                IRENE M. KEELEY
                                UNITED STATES DISTRICT JUDGE